**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HOLLISTER INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10 C 6431** |
| | ) | |
| **CONVATEC INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER REGARDING SANCTIONS

The Court permitted Hollister to amend its submission regarding certain financial matters after the discovery cutoff date, denying Convatec's motion to preclude this new information, but expressly made this conditional on Hollister's payment of a sanction representing the reasonable attorney's fees and expenses related to Convatec's filing of the motion to preclude plus an additional sanction, to be determined, for Hollister's undue delay in providing this information.

Convatec has requested:  (a) $37,240 for the motion to preclude; (b) $9,318.30 for filing and briefing the sanctions request; (c) the court reporter fees and transcript costs for additional depositions that Convatec has to take as a result of Hollister's amended submission; (d) a shortened time period for Hollister to respond to Convatec's discovery requests occasioned by the amended submission; and (e) cutting whatever time the Court allocates to Hollister at trial if the Court imposes time limits.

Hollister has agreed to respond to Convatec's written discovery requests within 21 days of service, and this is sufficient to cover point (d).  Point (e), the request to cut Hollister's allocated trial time, is utterly unreasonable, and the Court declines to impose that as a sanction.  As for point (c), the Court will require Hollister to pay the court reporter attendance fees and the cost of regular transcript delivery for depositions reasonably occasioned as a result of the amended disclosure, but not "extras" such as expedited transcripts, live feeds, ASCII transcripts, etc.

The amount that Convatec has requested for preparing and briefing the motion to preclude is grossly excessive under the circumstances.  The support for the requested hourly rates is sufficient for purposes of the present motion (though it may not suffice if fees are requested on some appropriate basis after the case is concluded), but the

hours are quite excessive.  The Court agrees with Hollister's arguments in this regard. In addition, one of the assumptions underlying the sorts of hourly rates at issue here is that the attorneys, given what they are charging, will be relatively efficient.  That sort of efficiency, however, does not show up in the time requested for filing and briefing the motion.  Among other things, the Court is not persuaded that it was necessary for counsel to re-review 200,000 pages in earlier-produced discovery in order to reasonably brief the motion to preclude.  Rather than doing a line-by-line review, the Court believes it more appropriate, for present purposes, to cut the time requested by 50 percent.  This results in what the Court believes is a solid estimate of the time *reasonably* required to prepare, file, brief, and argue the motion.

The Court makes the same reduction for the time sought for filing and briefing the issue of the nature and amount of the sanctions, for essentially the same reasons, and because Convatec has gone overboard, in the Court's view, in the nature and scope of its sanctions request.

The Court finds the expenses requested for the motion to preclude and the sanctions submission to be reasonable and sufficiently supported and thus awards those amounts in full.

The Court summarizes the monetary aspect of the sanction as follows:

-   $ 18,620.12 in attorney's fees for the motion to preclude;
-   $     496.74 in expenses for the motion to preclude;
-   $   4,659.15 in attorney's fees for the sanctions submission;
-   $     157.30 in expenses for the sanctions submission;
-   an amount yet to be determined for court reporter fees for follow-up depositions.

The amount currently due is $23,933.31.  The Court directs Hollister to pay this sum to Convatec within 21 days of today's date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  December 14, 2012

2